*1338 OPINION.
Tkammell :
The question presented in this appeal is whether substantially all the stock in the two corporations was, during the years involved, owned or controlled by the same interests.
The greatest divergency of stock ownership in the two companies is in stock owned by the estate of Joseph F. Sibson. It owned approximately 82 per cent in Sibson & Stern, Inc., and 8 per cent in the Germantown Braid Co. Stock in the Germantown Braid Co. to the extent of 6 per cent and 8 per cent, respectively, was owned by Walter Sibson and Horace E. Sibson who owned no stock in *1339 Sibson & Stern, Inc. There also appears a divergency in the percentage of stock ownership in the two corporations with respect to the stock owned by Koch, Stern, and Hirsh.
Walter Sibson and Horace E. Sibson were sons of Joseph F. Sib-son and were legatees under his will. The estate of Sibson and the legatees under the will who would come into possession and enjoyment of stock after the death of their mother, especially when one of the legatees was an executor and in charge of the estate, are not essentially different interests. Their interests are not in any way in conflict. What was of benefit to the estate was of benefit to them. The “ same interests ” does not necessarily mean the same individuals. The relationship between the individuals and the facts and circumstances of the case should be considered in determining whether different individuals are in fact the “ same interests.” Family groups owning stock in different corporations, under the circumstances of this case, may fairly be said to be the same interests. See Appeal of Wright Cake Co., 2 B. T. A. 58; Appeal of Bishell Phonograph Co., 2 B. T. A. 229; Appeal of Edward, Rose Co., 2 B. T. A. 341.
The two corporations were operated as one business unit. The . facts and circumstances of the case indicate that the stock not owned by the two family groups was actually controlled by them. The interests, therefore, which controlled substantially all the stock of one company, owned and controlled substantially all the stock in' the other. The corporations are for that reason held to have been affiliated.
Order of redetermination will be entered on 10 days’ notice, under Bule 50.